ADDISON,
January,
1830.

## LUMAN CASE *vs.* MARVIN BERRY.

An action on *book account* will not lie to recover for the use and occupation of land ; but

Where there are mutual dealings and accounts between the parties, and on one side charges are made of articles, or services, delivered or rendered, and, intended to apply in payment of rent charged on the other, the accounts may be adjusted in that form of action.

This case came before the Court on objections filed to an auditor's report in an action on *book account*. It appeared from the report that the plaintiff had charged in his account, among other things, ten dollars for the use and occupation of land, which he claimed to have allowed him with the other part of his account. The defendant presented no account whatever.

The auditor rejected the charge for rent, as not being a proper subject of book charge, and found nothing due to the plaintiff on the remaining part of his account.

The plaintiff objected to the report on the ground that the auditor erred in rejecting the claim for rent for the reason stated in the report, and contended that it was a proper charge on book, and legally cognizable by the auditor.

The county court accepted the report, and rendered judgement for the defendant. The case was reserved for the opinion of this Court.

*Phelps, for the plaintiff.*—It was formerly held that assumpsit would not lie for use and occupation except upon an express promise ; but that in the latter case assumpsit would lie. Perhaps

ADDISON,
January,
1830.

Case
*vs.*
Berry.

the same distinction would be taken with reference to the action on book. But certainly no reason exists why a charge for the rent of a tenement, or a piece of land, where the sum is agreed upon by the parties, may not be made on book. The general practice as to making such charges, where the lease is by parole, would render it proper that a recovery should be had in that form of action. But however the rule might be as to a single charge or claim of this nature standing alone, yet where there are other dealings between the parties, as in this case, and where there is good reason to presume that the claim for rent was intended by the parties to be settled in their running account, it seems necessary to sustain the charge on book in order to carry into effect the understanding of the parties.

*Needham, for the defendant,* cited *Hitchcock* vs. *Smith, Bray. Rep.* 39 ; 1 *Sw. Dig.* 582.

PRENTISS, Ch. J. pronounced the opinion of the Court.—That *assumpsit* lies here for rent or the use of land, where there is either an express or implied promise, is settled by the case of *Howard* vs. *Ransom,* 2 *Aik. Rep.* 252 ; but it by no means follows that an action on book account can be sustained for rent. Though the action on book is in many cases a concurrent remedy with *assumpsit,* and can be sustained only where assumpsit will lie, there are numerous cases in which it will not lie where *assumpsit* may be maintained. It has been decided in several instances in this state, that rent cannot be charged on book, and recovered in this form of action ; and policy does not require us, nor do we feel at all disposed, if we were at liberty so to do, to extend the action beyond the limits prescribed to it by former decisions. We do not mean to say, however, that rent or the use of land can under no circumstances be an admissible charge on book. The course of dealings between the parties may shew that it was intended to be a matter of account between them, and to be entered and adjusted on book ; as where there are mutual dealings and accounts, and on one side charges are made of articles or services, delivered or rendered, and intended to apply, in payment of rent charged on the other. But in the present case, there are no such circumstances to take the case out of the general rule. The defendant presented no account ; and it appeared that all the items in the plaintiff's account, except the rent, had been paid and satisfied.

Judgement affirmed.