JEREMIAH C. POWERS AND ARTEMAS C. POWERS *v.* MARTIN
LEACH, Jr.

To entitle the plaintiff, in an action of trespass *quare clausum fregit*, to recover
full costs, under the statute of this state, when the costs exceed the damages,
the plaintiff's right of title, or right of possession, must be brought in question
upon the trial.

But if, from the permanent nature of the erections made by the plaintiff upon the
land, it is obvious, that he committed the acts, which proved to have been a
trespass upon the plaintiff's right of possession, under a claim of right of title,
and the plaintiff, upon trial, prove his own title and possession, the court will
intend, that the defendant required the plaintiff to prove his case upon all
points,—possession, as well as fact of trespass,—and will allow the plaintiff his
full costs. It makes no difference, in this respect, whether the defendant re-
quire the plaintiff to prove his own title and possession, or set up a counter
claim of title, or right of possession, in himself.

*Quære,* Whether the attempt, on the part of the defendant, to show license from
the plaintiff to do the acts complained of, is to be regarded as bringing in ques-
tion the plaintiff's right         This, *per* REDFIELD, J., must depend
upon the question, whether the trespass complained of was an unequivocal
act of possession on the part of the defendant.

TRESPASS *quare clausum fregit.* Pleas, the general issue, and
license ; and the plea of license was traversed. Trial by jury, Sep-
tember Term, 1849,—HALL, J., presiding.

On trial the plaintiffs proved their title to the premises described
in the declaration, and gave proof of possession under that title. It
appeared, that the defendant had entered upon a portion of the land
and had erected a stone wall, inclosing part of the land, and had
cut three apple trees, &c.,—which were the trespasses complained

Powers et al. *v.* Leach.

of. It also appeared, that the defendant, subsequently to the erecting of the wall, &c., and previous to the commencement of this suit, claimed title to the land inclosed, and insisted, that the wall was upon the true boundary line between his land and that of the plaintiffs. The defendant introduced no testimony controverting the plaintiffs' evidence of title, but gave evidence, which he insisted tended to show, that he had license from the plaintiffs to erect the wall; and the defendant requested the court to charge the jury, that the plaintiffs could recover damages only for the original trespass in entering and erecting the wall,—he having had the adverse possession, since that time, of the portion enclosed.

But the court instructed the jury, that, if the license was not proved, the plaintiffs were entitled to recover damages for the original trespass, and such farther sum, as would be required to remove the wall from the plaintiffs' land.

The jury returned a verdict for the plaintiffs, for three dollars and eighty seven cents damages. The defendant then insisted, that the plaintiffs were entitled to recover no more costs than damages;—but the court decided, that the plaintiffs were entitled to recover full costs. Exceptions by defendant.

*S. H. Hodges* and *S. Foot* for defendant.

The language of the Rev. St.,—chap. 106, sec. 22,—restricts the plaintiffs from recovering more costs than damages, unless their title to the premises, or right of possession, is affected by the result. One of these must come in question; and by this we understand, it must be brought in jeopardy,—not merely made the subject of incidental inquiry. *Forsaith* v. *Clogston,* 3 N. H. 401. *Bishop* v. *Seeley,* 18 Conn. 389.

The plea of license does not relieve the case from the operation of the statute. It sets up no adverse claim of right, but mere matter of excuse,—and in fact admits title in the plaintiffs. *Chandler* v. *Duane,* 10 Wend. 563. *Otis* v. *Hall,* 3 Johns. 450. *Ex parte Coburn,* 1 Cow. 568. *Pugh* v. *Roberts,* 3 M. & W. 458. Tidd's Pr. 966. *Peddell* v. *Kiddle,* 7 T. R. 659. *Purnell* v. *Young,* 3 M. & W. 288. *Thomas* v. *Davies,* 8 A. & E. 598, [35 E. C. L. 470.]

The evidence, that the defendant had claimed title to the premises, was inadmissible. Nor is it sufficient, to show that the title

had previously been in controversy; it must have been brought in question in the action.

*M. G. Everts* for plaintiffs.

The case shows, that the trespasses proved were committed upon land inclosed by the defendant, and held by him *adversely*, and that he had held exclusive possession of the *locus in quo* from the time the trespasses were committed, claiming title to the same. This put the title in question. The plaintiffs could sustain no action against the defendant, without showing title, or a rightful possession, at the time the trespasses were committed. The defendant could sustain this action against all the world, except the legal owner of the land; his acts were acts of possession. *Sawyer* v. *Newland*, 9 Vt. 383. *Doolittle* v. *Linsley*, 2 Aik. 155. The plaintiffs were in law and in fact compelled to show title, and did actually show title and possession, and neither of these facts was admitted on trial. The defendant, on trial, claimed and received the benefit of his adverse possession, in avoiding all the acts of trespass except the first. This he did, by showing himself in possession, claiming title,—by putting the right of title and possession in issue.

If the general issue be pleaded with a justification, the plaintiff must show title. 9 Vt. 193. A plea of license must be considered in reference to the act complained of; the defendant was in possession, and if he can prevail by his plea, it must be by virtue of his right of possession.

The opinion of the court was delivered by

REDFIELD, J. The only question in this case is, whether the plaintiffs are entitled to full costs, irrespective of the damages. This is claimed upon the ground, that the "right of title or possession of the land" was brought "*in question;*" and that is *the question* to be determined. We suppose it may be fairly said, that the *right* of title, or possession, is "concerned," that is, *involved*, in every case of trespass *quare clausum fregit*. The action could not properly be denominated *trespass upon the freehold*, if no realty were "concerned." But it is obvious, that the *right* of title, or possession, is not properly "in question," in every case. The case

might go by default; and then no right whatever would be brought in question; or the case might be disputed, upon the point of the defendant having done any act, which amounted to trespass,—or whether any trespass had been committed, and if so, by whom. If the case turned upon these, or similar inquiries, then the legislature intended, that, to the extent of twenty dollars, they should be tried before justices, the same as other mere personal controversies, where no matter of the realty was concerned. But if the *right of title,* or the right of possession, of the land was to be brought in question in the trial of the action, it was the plaintiff's right to bring the action at once to the county court. It is true, the plaintiff could not know certainly, in advance, how this would be; but he could well enough conjecture. If the amount of the injury were insignificant, and it was not done under a claim of right, no suit should be brought. If done under a claim of permanent right, the suit should be brought before the tribunal having the general jurisdiction, in such cases, to determine the right; and if the action were contested upon these grounds, and the plaintiff prevail, he will have full costs. If not contested at all, or merely in regard to the *fact* of the trespass, as the statute stands, we do not see, but that the plaintiff must take only such costs, as will be equal to his damages.

But in the present case it is very obvious, that, from the·permanent nature of the erections made by the defendant, he did the acts, which proved to have been a trespass upon the plaintiffs' *right of possession,* under a claim of right of title. And in the trial of the case the plaintiffs were required to show both title and possession, or did show this; and we think it is not to be presumed, that the defendant did not require them to make out their full case, upon all points—possession, as well as the fact of trespass. And if so, we think their right of possession was as effectually brought " in question," as if the defendant had attempted to prove freehold in himself, or a lease from the plaintiffs for life, or years. The only inquiry is, did the defendant bring in question the plaintiffs' right of possession of the land, that is, the right of possession, at the time the trespass was committed, as against the defendant. If the defendant would avoid effectually the contingency of liability to full costs, in case the plaintiffs do recover, he must make no question in

regard to the plaintiffs' *right, either of title, or possession.* If the plaintiffs are required, in the trial of the action, to adduce proof, either of their title, or possession, it is presumed, they will desire to come so prepared, as to prevent all liability to any contingency of failure, which must defeat their recovery in future actions, and virtually transfer the title, and right of possession, to the defendant. This makes the trial upon these points important, and in many instances expensive; and the statute provides, in terms, and it was the intention of the legislature, we believe, that the plaintiff should recover all reasonable costs, incurred in adducing proof in regard to his title, or right of possession. They have therefore provided, that in all actions of trespass *quare clausum fregit*, when the "right of title, or possession," is brought, or comes, "in question," the plaintiff may recover full costs, if he prevail. This, we think, may be done by putting the plaintiff upon proof of his own title and right of possession, or by attempting to show a counter title, or right of possession in the defendant. The former was certainly done in this case.

How far the attempt to show license under the plaintiffs to do the acts complained of is to be regarded as bringing in question the right of possession, it is perhaps not necessary to determine. I should be inclined, at present, to believe, that it must depend upon the nature of the act complained of, whether an attempt, on trial, to show license from the plaintiffs would fairly be said to bring "in question" the plaintiffs' right of possession. If the act complained of as a trespass were an unequivocal act of possession, then I could hardly conceive, how an attempt to show license from the plaintiffs to do the act could be said not to bring in question the right of possession in the plaintiff at the time. And if the act were merely passing over the land, or doing any other thing, with no claim of right to possession, either for a longer or shorter period, it is not easy, perhaps, to see, how the plaintiffs' *right* of possession is brought in question. But I am aware, that there is a view of the case, which makes any act, under claim of right, even by license from the plaintiffs, sufficient to carry full costs.

Judgment affirmed.