LAWRENCE BRAINERD *v.* MORRIS CASEY AND OTHERS.

### Costs. Trespass.

The statute which provides that each party shall recover costs upon the issues or claims on which he shall prevail, (G. S. p. 291, § 17,) is held to apply only in cases where the issues and claims are several and distinct, and has no reference to the constituent parts of a single general issue or claim; to those issues and claims made by the pleadings, and not to those arising on the testimony on trial.

In an action of trespass *qu. cl. fr.* commenced before the county court the main question was one of boundary between the land of the plaintiff and that of the defendant. The jury found that the line claimed by the defendant was the true line, but also found that the defendant had committed trespass by cutting trees to the value of $3.50 on the plaintiff's side of this line. *Held,* that under the statute, (G. S. p. 726, § 22,) the plaintiff could recover no more costs than damages.

TRESPASS *quare clausum fregit.* Plea, the general issue, and trial by jury, September Term, 1864, ALDIS, J., presiding.

The only question is as to the rule for the taxation of costs.

On the trial of this case the main dispute was as to the location of the dividing line between the land of the plaintiff and that of the defendant Casey, the question being as to where the east line of a forty acre lot, one-half of which belonged to the plaintiff, ran, going from the north-east corner of said lot southward to the south line. There was no dispute as to the position of said north-east corner.

Col. Green, a surveyor, called by the plaintiff as a witness, testified that the line from the north-east corner going south would take off a strip of land which the defendant Casey claimed, and which was about two rods wide at the south end of Brainerd's half of the forty acres, and about ten or twelve feet wide at the north end— the strip being about fifty rods long.

Leach, a surveyor, called by the defendant, testified that the line running from the north-east corner going south, would take the same strip off from Brainerd and give it to Casey.

Thus the dispute in the first instance was as to which of these surveyor's lines was correct—Brainerd claiming according to Green, and Casey according to Leach.

The strip of land in dispute and the land on each side of it was unenclosed wood-lands, used for nothing but wood. No question as to title by possession or acquiescence arose.

The plaintiff offered evidence tending to show that certain persons by Casey's directions cut a quantity of wood on the strip in dispute, to the value of about $40., and that they cut a few trees of small amount and value west of the Leach line, and on the land which Casey admitted to belong to Brainerd. The evidence on the part of Casey tended to show that no wood was cut west of the Leach line. Casey claimed the land as far west as the Leach line, and therefore that the wood that was cut stood on his land. Brainerd claimed east to the Green line.

The jury in rendering their verdict must have found that the Leach line was the true line between Brainerd and Casey. They rendered a verdict for the plaintiff for $3.40 damages, thus establishing the fact that that value of wood was cut west of the Leach line on land admitted to be Brainerd's. Upon this result the defendant Casey insisted that the plaintiff was not entitled to full costs but only to so much cost as damage, or else to have the costs apportioned upon the ground that Casey recovered as to the main question in issue, viz : the title to the strip in dispute.

The court decided that if the costs could be legally apportioned the plaintiff would be entitled to recover one-tenth of the amount of his taxable costs. But the court ruled *pro forma* that he was entitled to full costs,—to which the defendants excepted.

*Edson & Rand* and *Dewey & Noble*, for the defendants.

The question between the parties being one of *boundary merely*, and not of title or right of possession, the plaintiff is restricted from recovering more costs than damages, by General Statutes chap. 125, § 22, p. 726. *Powers* v. *Leach*, 22 Vt. 226 ; *Bishop* v. *Seeley*, 18 Conn. 389 ; *Arnold* v. *Kellogg*, 25 Conn. 248.

The defendant having recovered on the main question, equity and justice require the costs should be apportioned in accordance with the decision of the court below. G. S., ch. 33, § 18, p. 291.

*M. Buck* and *H. R. Beardsley*, for the plaintiff.

If the plaintiff's right either of title or possession was concerned he was entitled to full costs. G. S., p. 726, § 22 ; *Doubleday* v. *Marstin*, 27 Vt. 488 ; *Bachelder* v. *Green*, 38 N. H. 265.

This case did not involve the trial of several and distinct issues, nor of several and distinct claims so as to bring it within the statute di-

recting the court to tax costs for the party who prevails on the different issues or claims. G. S., p. 291, § 17. Otherwise every case tried in court would involve the distribution of costs.

KELLOGG, J. The issue in this case, as made by the pleadings, would be sustained on the part of the plaintiff by proof that the defendants had committed acts of trespass on any part of the close described in the declaration to which the plaintiff had the right of title or possession. It was single and distinct. The defendants did not, on the trial, contest or deny the right of the plaintiff to the land lying west of the Leach line, but did deny the fact of any trespass on that land. This denial was not connected with any claim of right on the part of the defendants, either of title or possession to any land west of the Leach line, and it did not appear that any such claim of right was ever at any time asserted by the defendants. The plaintiff claimed that the Green line, and not the Leach line, was the true division line between his land and that of the defendant Casey, and the controversy between the parties arose and depended mainly upon this question of boundary. The jury found, by their verdict, that the Leach line was the true division line, and, in this respect, their finding was against the claim of the plaintiff. But they further found that the defendants had cut wood to the value of three dollars and forty cents west of the Leach line, and on land which the defendants admitted to belong to the plaintiff, and in this respect their finding was in favor of the plaintiff. Upon the issue made by the pleadings, the plaintiff prevailed, notwithstanding the fact that a constituent and principal claim upon which he relied to sustain this issue was determined against him by the verdict. The questions presented by the exceptions are whether, under the statute, the case is one in which the costs of the suit can be apportioned between the parties ; and, if not apportionable, whether the plaintiff is entitled to recover a larger sum for costs than for damages. The statute which provides that each party shall recover costs upon the issues or claims on which he shall prevail, (General Statutes, p. 291, § 17,) is applicable only in cases where the issues and claims are several and distinct, and has no reference to the constituent parts of a single general issue or claim. In this case, the trial was on a *single* issue, and the verdict was in favor of the plaintiff. If this issue was

divisible, it was not in fact divided in the pleadings; and we think that the statute was intended to apply to issues and claims made by the pleadings, and not to those arising on the testimony on the trial. In this view of the question, the case is not one in which the costs of the trial can be apportioned between the parties.

Is the case one which falls within the statute provision that in all actions of trespass on the freehold " other than those in which the right of title or possession of real estate shall *come in question,*" commenced before the county court, unless the plaintiff shall recover more than seven dollars damages, he shall recover no more costs than damages? (G. S., p. 726, § 22.) In trespass to real property, the plea of the general issue not only puts in issue the fact of the trespass, but also the title, whether freehold or possessory, in the defendant or a person under whom he claims, may be given in evidence under it. 1 Chitty's Pl. 492. In every such action, therefore, " the right of title or possession " of the land *may* " come in question." On the trial, the defendants contested the fact of committing acts of trespass on the land west of the Leach Line, but did not contest or " question " the right of the plaintiff to that land. The plaintiff's right, both of title and possession, to that land was not brought in que·tion on the trial, because it was admitted by the defendants; and the defendants limited their defence to a denial not of the plaintiff's right to the land, but of the fact of committing any acts of trespass on that land. The recovery of damages is for acts of trespass committed by the defendants, under no claim of title or right, on land which they conceded to belong to the plaintiff. The plaintiff's right of title and possession having been conceded by the defendants, it cannot be treated as having been brought " in question " at all, in the sense in which that term is used in the statute; and his claim for costs derives no support from the consideration that the defendants on the trial not only brought " in question," but successfully contested, the right which he claimed to the land lying east of the Leach line, and that the verdict of the jury was in favor of the defendants so far as the right of title or possession of any land was brought " in question " on the trial. The rules which should regulate the allowance of costs in the action of trespass on the freehold, under the provisions of the statute, received a very full considera-

tion in the case of *Powers et al.* v. *Leach*, 22 Vt. 226, and we regard the interpretation which the statute received in that case as being both sound and just. This construction of the statute limits and restricts the amount of costs which the plaintiff is entitled to recover to the amount of his recovery for damages.

The judgment of the county court in respect to the allowance of costs is reversed, and judgment is rendered in favor of the plaintiff for an amount of costs equal to, but not exceeding, the damages recovered by him; and, as the defendants have prevailed on their exceptions, they are to be allowed their costs in this court.