A. E. JUDEVINE v. A. HOLTON, APPELLANT.

*Jurisdiction. Justice of the Peace. Covenant.*

The giving of a quitclaim deed does not import title to land in either party to it, therefore, a justice of the peace would not be ousted of jurisdiction in an action of covenant where the declaration alleged that the giving of a quitclaim deed was the consideration of the covenant.

COVENANT. The defendant filed a motion to dismiss. Judgment *pro forma* that the action be dismissed, June term, 1868, STEELE, J., presiding. Exceptions by the plaintiff.

The declaration is as follows:

"In a plea of covenant broken and hereupon the plaintiff declares and says that the defendant, on the 17th day of June, 1867, at Hardwick aforesaid, by his deed of that date, under his hand and seal duly witnessed and acknowleged, for a valuable consideration did covenant and agree with the plaintiff to pay all taxes on list of 1867, on all lands and real estate which said plaintiff quitclaimed to said defendant, situated in said town of Hardwick and

Woodbury, on said 17th day of June, 1867, and said plaintiff further avers that he did quitclaim to said defendant a quantity of real estate in said town of Hardwick, which was set in the grand list of 1867, in said Hardwick, at seventy-five dollars, on which 1867 list the selectmen of the town of Hardwick assessed and made out town, state, county and school taxes on said list on which said real estate thus quitclaimed to the defendant by the plaintiff was set in list, to the amount of one hundred dollars, which assessment, tax, or rate bill was put into the hands of P. S. Paine, constable and collector of the town of Hardwick, and said constable and collector demanded of said defendant the taxes so assessed on the list on which said lands were set in said list, which the defendant thus bound himself to the plaintiff to pay, but the defendant refused to pay said taxes, or any part thereof, and in consequence of said defendant thus refusing and neglecting to pay the same, said plaintiff has been compelled to pay said taxes, to the amount of one hundred dollars, to said constable and collector. Therefore said defendant has not kept his covenant, but has broken the same, which is to the damage of the plaintiff, one hundred dollars."

The motion to dismiss is as follows:

"And now comes the defendant, by his attorney, and moves said cause to be dismissed, for the reason that the justice had no jurisdiction to try the matters set forth in said plaintiff's declaration, the title to the land being the consideration for said pretended covenant."

*Lyman D. Hathaway*, for the plaintiff, cited Gen. Sts., ch. 31, § 18; 2 Vt., 407; 11 Vt., 250; 19 Vt., 223; 19 Vt., 272; 20 Vt., 183; 22 Vt., 565; 25 Vt., 507; 26 Vt., 491; 33 Vt., 166; 36 Vt., 633; 38 Vt., 316.

*Bliss N. Davis*, for the defendant, cited *Jakeway* v. *Barrett*, 38 Vt., 316; *Shaw* v. *Gilfillan*, 22 Vt., 565.

The opinion of the court was delivered by

BARRETT, J. Action of covenant. Motion to dismiss for want of jurisdiction in the *justice* before whom the suit was brought, "the title to land being the consideration for said pretended covenant." The only question presented is, whether the declaration shows that the *title to land* is, or is to be, brought in question in

the suit. The *consideration of the covenant* is not shown by the declaration to be the *title to land*, but only the giving of a quit-claim deed. The giving of such deed does not import *title* to land in either party to it. All its terms are satisfied without any title existing in the grantor on which the deed can operate a transfer to the grantee or give the grantee any right or interest in the land described in the deed.

Under the motion, the question of jurisdiction, is to be determined wholly and exclusively on what is shown by the declaration.

The judgment is reversed, and cause remanded.