WILLIAM  CLOUGH  *v.*  TIMOTHY  K.  HORTON,  APPELLANT.

*Jurisdiction.    Justice.    Use and Occupation.    Title.*

Where, in an action of assumpsit for use and occupation, the plaintiff declared upon
a promise to pay as a consideration for the use and occupancy, by the sufferance
and permission of the plaintiff, and the defendant filed a plea averring title in him-
self, it was *held* that title was not so directly involved, upon the declaration, as to
oust the justice of jurisdiction.

In this action, the defendant, not having done any act inconsistent with the relation
of tenant, is estopped from setting up in defense and as affecting the jurisdiction
of the tribunal before which the suit is brought, an adverse title in himself during
the time he was permitted to and did occupy under the plaintiff.

ASSUMPSIT for use and occupation, brought before a justice of
the peace.   Plea before the justice averring title in the defendant,
and praying that the suit be dismissed for want of jurisdiction.
Judgment for the plaintiff, and appeal.   In the county court the
defendant filed a motion to dismiss the action for want of jurisdic-
tion in the justice.   The plaintiff also filed a motion to dismiss the
appeal.

The court, at the April term, 1868, BARRETT, J., presiding, *pro
forma* overruled the plaintiff's motion, sustained the defend-
ant's motion and dismissed the action for want of jurisdiction in
the justice, to which the plaintiff excepted.

The following was the declaration :

" In a plea of the case, whereas the defendant, on the day of
the date of this writ, at said Putney, was indebted to the plaintiff
in the sum of ten dollars, for the use and occupancy of a certain
piece of pasture land and premises, with the appurtenances of the
plaintiff, by the defendant, and at his request, and by the suffer-
ance and permission of the plaintiff, for a long time before then
elapsed, held, used, occupied, possessed and enjoyed, in consider-
ation whereof, and being so indebted, the defendant then and
there promised the plaintiff to pay him said sum on demand, but
yet, though requested, the defendant has never paid the same, nor
any part thereof."

To this declaration the common counts of *indebitatus assumpsit*
were added.

Clough .v. Horton.

*Charles E. Arnold*, for the plaintiff.

The question of jurisdiction must be determined from the declaration. Unless the title to land is involved, upon a traverse of all the material facts alleged, the justice has jurisdiction. *Shaw* v. *Gilfillan*, 22 Vt., 565; *Jakeway* v. *Barrett*, 38 Vt., 316; *Flannery* v. *Hinkson*, 40 Vt., 485. And the declaration contains no material averment of title in the plaintiff. Even if the pleadings subsequent to the declaration do put the title to land in issue, it does not oust the justice of jurisdiction. *Jakeway* v. *Barrett*, 38 Vt., 316. The prohibition has effect only where the title to land is directly and necessarily concerned, and not where it incidentally arises. *Haven* v. *Needham et al.*, 20 Vt., 184; *Small* v. *Haskins*, 26 Vt., 222; *Thayer* v. *Montgomery*, 26 Vt., 491; *Foster* v. *Bennett*, 33 Vt., 66. The plaintiff alleged that the defendant was his tenant. This allegation is not denied by the defendant's plea, and it is a well settled principle that a tenant can not dispute the title of his landlord. *Tuttle* v. *Reynolds*, 1 Vt., 80; *Greeno* v. *Munson*, 9 Vt., 37; *Steen et al.* v. *Wardsworth*, 17 Vt., 297.

*George Howe*, for the defendant.

Wherever the declaration is of such a character that under the general issue, or any other plea merely putting the plaintiff to the necessity of proving his declaration, he is bound to either prove or disprove title to land, then the justice has no jurisdiction to try the case. *Hastings* v. *Webber*, 2 Vt., 407; *Whitney* v. *Bowen et al.*, 11 Vt., 250; *Haven* v. *Needham*, 20 Vt., 183; *Shaw* v. *Gilfillan*, 22 Vt., 565; *Jakeway* v. *Barrett*, 38 Vt., 316; *Flannery* v. *Hinkson*, 40 Vt., 485.

The opinion of the court was delivered by

PROUT, J. This action, which is assumpsit for use and occupation, is apparently within the justice's jurisdiction, as the *ad damnum* of the process is only ten dollars. But in the justice's court, the defendant moved to dismiss the suit, alleging in his motion that he (the defendant) was the owner of the premises referred

to in the declaration; thus raising a question of title, of which it is now insisted the justice had no jurisdiction and the county court no appellate jurisdiction. In *Howard et al.* v. *Ransom*, 2 Aik., 252, it is said that the action of assumpsit for the recovery of rent was unknown to the common law; "that a reservation of rent was regarded as a real contract for which the only remedy was by distress or an action of debt," unless the occupation was by permission and there was an express promise to pay in consideration of such permission and occupancy. The permission was not equivalent to a lease, or the promise to pay equivalent to a reservation of rent. There is some reason in this distinction as applicable to the present question, although the general rule as now settled is, that the action may be maintained for rent or the use of land, upon either an express or implied promise. In *Voluntine* v. *Godfrey*, 9 Vt., 186, the nature of the contract is adverted to. It is said that it amounts to this: in consideration the plaintiff will permit the defendant to possess and occupy, the defendant undertakes and promises to pay. "The plaintiff does permit it without molestation or surrender by the defendant, and this is the substance of the declaration." The permission and occupancy constitute the consideration, express or implied, to pay. Now what has title necessarily to do with the defendant's liability under such a contract? Certainly it is not so directly involved upon the declaration as to oust the justice's jurisdiction. *Jakeway* v. *Barrett*, 38 Vt., 316; *Powers* v. *Leach*, 22 Vt., 226; *Judevine* v. *Holton*, 41 Vt., 351.

The case may be disposed of upon another ground. The action for use and occupation implies an occupancy by the defendant under the plaintiff. The fact must be proved to maintain it. The landlord or owner brings his action to recover the use, and in this case the defendant, not having been molested, surrendered the possession, or done any act inconsistent with that relation, sets up in defense and as affecting the jurisdiction of the tribunal before whom it is brought, an adverse title in himself during the time he was permitted and did occupy under the plaintiff. This is not allowed; the defendant is estopped, as good faith and the true sense of his contract requires, from raising that question. *Lord* v.

*Bigelow*, 8 Vt., 445; *Greeno* v. *Munson*, 9 Vt., 37; *Barton* v. *Learned*, 26 Vt., 192.

The judgment of the county court is reversed and cause remanded.