THOMAS LONG *v.* CHARLES OBER.

*Trespass.　　Costs.　　Gen. Sts. c.* 125, *s.* 22.　　*Jurisdiction of County Court.*

In trespass *qua. clau.* it appeared that plaintiff owned a certain piece of land and defendant a certain other piece adjacent thereto on the south. The true division line was in dispute. Defendant claimed that it ran by a line of spotted trees, and built a fence there, and so committed the act complained of. Plaintiff claimed that it ran ten or twelve feet further south, and the jury so found. *Held,* that "the right of title or possession" thereby came in question within the meaning of s. 22, c. 125, Gen. Sts., so that plaintiff might recover full costs without regard to the amount of damages.

The action was brought to the County Court. The jury found for plaintiff, one cent damages, and defendant moved to dismiss for that the damages when action was brought were less than twenty dollars. *Held,* that the trial concerned the title to land, and that therefore the County Court had original jurisdiction.

TRESPASS *qua. clau.* Plea, the general issue, and trial by jury, April Term, 1878, POWERS, J., presiding.

10

The plaintiff introduced in evidence a deed from R. A. Dickinson to himself, dated October 10, 1871, conveying eleven and one third acres of land, more or less, called " the ten acre pitch," and testified that he owned said land, and was in possession thereof. The only question was as to the location of the boundary line between said land and the land of the defendant adjacent thereto on the south, neither party questioning the right of title or possession of the other on his side of the true line when established. The defendant claimed a certain line of marked trees to be the true line, and had built a slash fence on it, which was the trespass complained of. The plaintiff claimed the true line to be some ten or twelve feet further south, as indicated by neighboring lot lines. The plaintiff introduced as a witness one Heman A. Waterman, a surveyor, who testified that he ran the lines by request of the plaintiff, and made the true line run some ten or twelve feet further south than the line claimed by the defendant. The plaintiff's testimony tended to show, that he and the defendant agreed to to leave the settlement of the line to one Gates, a surveyor, and that Gates thereupon surveyed the line, and made it run a few feet south of the line as run by Waterman.

The court instructed the jury, that if they found the line claimed by the defendant to be the true line, they should find for the defendant ; but that if they found either the Waterman or the Gates line to be the true line, they should find for the plaintiff for such damages as he was fairly entitled to.

The jury returned a verdict for the plaintiff for one cent damages, and established the Waterman line as the true line.

After verdict, the defendant moved to apportion and to restrict the plaintiff's costs, as authorized by s. 22, c. 125, and ss. 17, 18, c. 33, Gen. Sts. The court refused to apportion costs, but did restrict them to the amount of damages. Exceptions by the plaintiff.

After verdict and before judgment, defendant moved to dismiss for want of jurisdiction, for that at the time of the commencement of the suit, the damages sustained by the plaintiff were less than twenty dollars. The *ad damnum* in the writ was $200.

The court found that the action was brought in good faith and overruled the motion ; to which the defendant excepted.

*Brigham & Waterman*, for the plaintiff.

The court erred in restricting the costs. Gen. Sts. c. 125, s. 22 ; *Powers* v. *Leach*, 22 Vt. 226. The case is distinguishable from *Brainerd* v. *Carey*, 37 Vt. 479.

The County Court had jurisdiction. When the right of title or possession comes in question, the County Court retains a general jurisdiction. The jurisdiction will be sustained, in case of open damages, when the plaintiff brings his suit in good faith. *Clark* v. *Crosby*, 37 Vt. 188 ; *Henry* v. *Tilson*, 17 Vt. 479 ; *Brainerd* v. *Austin*, Ib. 650 ; *Powers* v. *Thayer*, 30 Vt. 361. It was a matter addressed to the discretion of the court, and the decision cannot be reviewed. *Clark* v. *Crosby, supra ; McGray* v. *Wheeler*, 18 Vt. 502 ; *Ladd* v. *Hill*, 4 Vt. 164 ; *Morrison* v. *Moore*, Ib. 264.

But the *ad damnum* was more than twenty dollars ; that alone is decisive. *Doubleday* v. *Marstin*, 27 Vt. 488 ; *Gale* v. *Bonyea*, 1 D. Chip. 208.

*P. K. Gleed*, for the defendant.

The only question was the location of the line. Neither party questioned the other's right of title or possession on either side of the line. The court, therefore, was right in restricting the costs. Brown Frauds, 269.

The suit should have been dismissed.

The opinion of the court was delivered by

Ross, J. I. The first question raised by the exceptions is, whether the County Court erred in restricting, under s. 22, c. 125, Gen. Sts., the plaintiff's costs to the amount of damages recovered. By the provisions of that section, "in all actions of trespass upon the freehold, other than those in which the right of title or possession of real estate shall come in question," the costs are restricted to the amount of the damages recovered, unless the damages exceed seven dollars. Hence, if "the right of title or

possession " of any of the demanded premises for which recovery was had came in question, the County Court was not authorized to restrict the plaintiff's costs to the amount of the damages recovered by him.   By the exceptions it appears that the right of title and possession to the strip of land between the line of marked trees on which the defendant had built a slash fence, and the line run by the surveyor Waterman ten or twelve feet further south than the slash fence, came in question on the trial, and was settled in favor of the plaintiff.   This brings the case within the class in which, by the terms of the statute, the plaintiff is entitled to recover full costs regardless of the amount of damages recovered by him, and within the construction placed upon this section of the statute by this court in *Powers* v. *Leach*, 22 Vt. 226, and in *Brainerd* v. *Carey*, 37 Vt. 479.   The County Court therefore erred in restricting the costs recoverable by the plaintiff to the amount of his damages.

II.   The defendant filed " a motion to dismiss for want of jurisdiction, for the reason, that at the time of the commencement of the suit, the damages sustained by the plaintiff were less than twenty dollars."   The *ad damnum* in the writ is $200.   The County Court has found that the plaintiff brought his suit to the County Court in good faith.   Regardless of the *ad damnum* in the writ, and the good faith of the plaintiff in bringing the suit in the County Court, the fact that " title to land was concerned " in the trial of the suit excepted it from the jurisdiction of a justice of the peace.   Every action of trespass *quare clausum fregit* does not necessarily put in issue the title of the demanded premises. The plaintiff would be entitled to recover by showing, that as against the defendant, he was entitled to possession of the premises.   In the case at bar, however, the plaintiff's only right to the possession of the strip of land in question resulted from the fact that he, rather than the defendant, had the title to it.   Hence, the trial of the issue between the parties " concerned " the title to the strip of land in controversy, and so gave the County Court original jurisdiction of the cause of action.   The County Court, therefore, correctly overruled the defendant's motion to dismiss

for want of jurisdiction. The result is that the defendant takes nothing by his exception, and that, on the plaintiff's exception, the judgment of the County Court is reversed, and judgment rendered for the plaintiff to recover his damages and full costs.