CHITTENDEN COUNTY, JANUARY TERM, 1888.

Present: ROYCE, Ch. J., ROSS, POWERS and TAFT, JJ.

## HARRY ROSS, ADM'R OF ROSELPHA SPRAGUE'S EST., v. DAVID WHITE.

*Trover. Evidence. Gift. Res Gestœ. Cost.* R. L. s. 1451.

1. In an action of trover in favor of an administrator, where the defence was a gift by the intestate of the articles in contention, the reason assigned by the defendant for refusing to return them, on demand, namely, that they had been given him, was not admissible as a part of the *res gestœ*; for it was only a narration of a completed transaction.

2. In an action of trover for the conversion of several articles where the plaintiff failed to recover all that he sued for, the defendant is not entitled under the statute,—R. L. s. 1451,—to an apportionment of the costs; as only a single issue was made by the pleadings.

3. But in such case the court below denied the plaintiff costs as to claims which he failed to establish, and the judgment was affirmed.

TROVER. Heard on a referee's report, April Term, 1887, ROWELL, J., presiding. Judgment on the report for the watch ornament, and the finger ring. The court held as matter of law that there could be no apportionment of costs; but as matter of discretion denied the plaintiff costs as to claims that he did not establish. Exceptions by defendant. The action was brought to recover for four notes, sewing machine, table, chair, finger ring, watch ornament, etc.

The defendant claimed title to all the articles as perfected gifts; and that the intestate had given them to him in her lifetime. The other facts appear in the opinion.

*Hard & Cushman*, for the defendant.

The statement of the defendant as to his title to the watch ornament, that it was a gift, was a part of the *res gestœ*, and was some evidence of his title. Abb. Tr. Ev. 556-7; 1 Green. Ev. ss. 108, 109, 110; 1 Stark. Ev. 39, 47, 48, 49; 1 Phil. Ev. 194, 195; *Davis* v. *Spooner*, 3 Pick. 284; *Pool* v. *Bridges*, 4 Id. 377; *Sessions* v. *Little*, 9 N. H. 371; *Smith* v. *Young*, 1 Camp. 439; *Bennett* v. *Burch*, 1 Denio. 141; (Bk. 16, L. ed.) 747; *Gracia* v. *Robinson*, 14 Ark, 436; *Walrod* v. *Ball*, 9 Barb. 271; *Lund* v. *Tyngsboro*, 9 Cush. 36.

The court erred on deciding as matter of law that there could be no apportionment of costs. The statute—R. L. s. 1451—clearly applies to this case.

It is not material to enquire whether there were several issues involved in the present case, although without much straining it might be said that under the general plea of not guilty, an issue was joined upon *each* of the various articles mentioned in the declaration.

The statute does not limit the power to apportion to those cases where several issues are presented by the pleadings but extends the power to all cases where the trial of several and distinct " claims " is involved.

In this case the plaintiff made five distinct claims, each of which stood upon its own peculiar facts and testimony; and upon at least three of those the defendant prevailed, while the plaintiff can succeed on only two, at the most. *Engrem* v. *Myers*, 54 Vt. 628.

*Roberts & Roberts*, for the plaintiff.

The finding of the referee that the watch ornament was given and delivered to the defendant by the decedent in her life time, rests wholly upon the fact, that the defendant had it in his possession after her death and *claimed* it as a gift. The fact of the claim was thus allowed as proof of the fact claimed, in behalf of the party making the claim; and this upon his own evidence received against objection.

Such conclusion must rest upon some obscure notion of what is hidden under the term *res gestæ*.

Such declarations are admissible only when made in connection with some act done as explaining or characterizing it, and when they are necessary in order to understand the act. Stephens Ev. 6, 16, 39, 250 ; Vt. Dig. p. 286 ; *Dean* v. *Dean*, 43 Vt. 337.

Though there are several articles sued for, the case did not " involve the trial several and distinct issues," etc. R. L. s. 1451. Here the claim was one and the issue single. *Brainerd* v. *Casey*, 37 Vt. 479 ; *Engrem* v. *Myers*, 54 Vt. 628.

The opinion of the court was delivered by

Ross, J. The defendant insists upon but two questions in this court.

I. That the plaintiff was not entitled to recover for the watch ornament. When the plaintiff demanded the return of the articles in controversy, the defendant stated as a reason for refusing to return this article that the intestate had given it to him in her life time. The referee finds, that, unless the declaration of the defendant is competent evidence of the fact stated, as a part of the *res gestæ*, he cannot find that the defendant owned this article ; and that the plaintiff should recover therefor. The action is trover ; and the gist of the action is the conversion of the property by the defendant. The demand and refusal were evidence bearing upon the question of the conversion of the articles by the defendant. That was the transaction to which this evidence related. Any declaration of the defendant, made in answer to the demand, qualifying his refusal, was admissible, as a part of the transaction then going forward ; to wit, whether the defendant's refusal was conditional or unconditional, and fell short of, as amounted to a conversion of the article. This is clearly shown by the authorities cited by the defendant's counsel ; and we entertain no doubt in regard to the soundness of those decisions. But the declaration then made by the defendant, that the article had

been given him by the intestate in her life time, related to a transaction long before concluded, did not accompany the performance of that transaction, the making of the gift, and was a mere narration of his version of a past, and long since completed transaction. It was clearly inadmissible to show the gift itself. *State* v. *Carleton*, 48 Vt. 636, and authorities cited on this subject. Doubtless, some confusion has arisen in decisions, in regard to what declarations are admissible as a part of the *res gestœ*, by not always carefully considering and determining the exact transaction done, or performed, which the declaration accompanied, and whether the declaration properly related to, and qualified that transaction, or narrated an account of an antecedent transaction. When the declaration accompanies and qualifies, or characterizes, the transaction then being performed, it is clearly admissible as a part thereof; but so far as it is a narration of a past and completed transaction, it is inadmissible. Hence the County Court properly allowed the plaintiff to recover for this article.

II. The defendant also contends that the County Court erroneously refused to apportion the costs, under sec. 1451, R. L., which reads : " When an action, pending in a County or Supreme Court, involves the trial of several and distinct issues, or of several and distinct claims, the court in taxing the costs shall allow to each party the costs accruing upon the issues or claims upon which he prevails." This section was incorporated into the statute law of the State in 1856, and, in legal effect, has remained unchanged. The only changes are merely verbal, and were made in the revision of 1880. This section of the statute first came before this court for construction in 1865, in *Brainerd* v. *Casey*, 37 Vt. 479. The only questions in that case related to costs, and the principal one was the construction of this section of the statute. It seems to have received the careful consideration of the court, and the opinion was prepared by that careful and painstaking judge, LOYAL C. KELLOGG. It is there held that this section of the statute applies, only when the issues and claims are several

and distinct, and has no reference to the constituent parts of a single general issue or claim, and to the issues and claims made by the pleadings, and not to those arising on the testimony. This decision has remained unquestioned by the court, and the statute has remained unchanged by the legislature, for over twenty years since the statute was thus construed. *Carleton* v. *Taylor*, 50 Vt. 220 and *Engrem* v. *Myers*, 54 Vt. 628, enforce the construction placed upon this section of the statute in *Brainerd* v. *Casey*, *supra*. Whether correct or incorrect, the construction then placed upon this section of the statute is the recognized law of the State, and it would ill become the court to make any change therein. Applied to this case, the County Court properly refused to apportion the costs of the parties in accordance with the issues made by the evidence. The issue made by the pleadings was single, whether the defendant had converted to his use any of the articles named in the declaration which belonged to the plaintiff as administrator. The several articles therein named formed the constituent parts of this single issue made by the pleadings. That issue, the referee has found in favor of the plaintiff, against the defendant.

The judgment is affirmed.